

January 4, 2013

Mr. Lyle W. Cayce
Clerk, U. S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:  In re Applications of the United States of America for Historical Cell-Site Data
No. 11-20884; Fed. R. App. P. 28(j) Letter

Dear Mr. Cayce:

The Vermont Supreme Court recently ruled the Fourth Amendment empowers judges to attach ex ante conditions to a search warrant to protect privacy during a search. In re Appeal of Application for Search Warrant, --- A.3d ---, 2012 Vt. 102, 2012 WL 6217042 (2012). This decision is relevant here for two reasons.

First, although not addressing the third party doctrine, the court recognized privacy interests are not extinguished when information is turned over to someone else, noting "it is natural to view exposure to a third party. . . as less of a setback to one's privacy interests than exposure to an investigating officer." Id. at ¶¶ 39, 49, 51, 54.

That same rationale applies here; this Court should reject the government's argument that no expectation of privacy exists in cell site records held by the providers. Gov. Opening Brief at 15.

Second, the court rejected the concerns raised by Professor Kerr in his amicus brief to this Court, where he argued (1) this case was not ripe since Fourth Amendment determinations must be made *after* the search, and (2) the magistrate incorrectly believed it had the "power to adjudicate the constitutionality of the future execution of the order at the time of the application." Amicus Brief of Orin Kerr at 3-4.

Vermont argued that magistrates do not have authority to tell police *how* to search, and that ex ante restrictions impermissibly allowed a magistrate to "predetermine the reasonableness of a search." In re Search Warrant, 2012 Vt. 102 at ¶ 24 (citing Orin Kerr, Ex Ante Regulation of Computer Search and Seizure, 96 Va. L.Rev. 1241, 1242 (2010)). The court disagreed, noting it cannot "draw a categorical line between the probable cause inquiry and considerations of privacy." In re Search Warrant, 2012 Vt. 102 at ¶ 30. Because "relevant ex ante standards depend on the severity of the privacy infringement that is contemplated," a court can fashion conditions to protect privacy. Id.

454 Shotwell Street • San Francisco, CA 94110 USA
+1 415 436 9333    +1 415 436 9993    www.eff.org    information@eff.org

Here, too, the magistrate did not err in deciding the best privacy safeguard was to require a search warrant to access cell site records.

                                                  Sincerely,

                                                  /s/ Hanni Fakhoury
                                            Hanni Fakhoury, Esq.
                                            Counsel for *Amicus Curiae*
                                            Electronic Frontier Foundation